IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRAD JONES and EXQUISITE DESIGNS BY CASTLEROCK & CO., INC., *Plaintiffs* | § § § | |
| v. | § § | |
| BAYVIEW LOAN SERVICING, LLC and THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE (CWALT 2006-OA17), *Defendants* | § § § § § | CASE NO. 3:19-cv-00060 |

## DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendants Bayview Loan Servicing, LLC ("Bayview") and The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-OA17, Mortgage Pass-Through Certificates, Series 2006-OA17 ("BONYM") (collectively herein referred to as "Defendants"), respectfully move for a judgment dismissing all causes of action against Defendants pursuant to Federal Rule of Civil Procedure 12(c).

## TABLE OF CONTENTS

Table of Contents……………………………………………………………… 2-3

Statement of Nature and Stage of Proceedings ……………………………………….. 4

Statement of the Issues …………………………………………………........... 5

Standard of Review …………………………………………………….......5-7

Summary of the Argument for Motion for Judgment ……………………………..…7

Argument ……………………………………………………………7-19

Relief Cannot Be Based on the Two Defaulted Chapter 11 Plans of Exquisite Designs…7-11

    Defaulted Plans are Not Binding……………………………………….......7-9

    The Plain Language of the 2009 Plan Does Not Support Any of Plaintiffs' Causes of Action …………………………………………………………………10

    The Plain Language of the 2012 Plan Does Not Support Any of Plaintiffs' Causes of Action …………………………………………………………10-11

Relief Cannot be Based on the Bankruptcy Court's Postconfirmation Order and Notice.11-12

    The Postconfirmation Order and Notice …………………………………...11-12

    The Effect of the Discharge in Bankruptcy …………………………………...12-13

Claims for Relief…………………………………………………………...13-19

    Count I: Breach of Contract……………………………………………13-14

    Count II: Declaratory Relief – Statute of Limitations ……………………………14-16

    Count III: Suit to Quiet Title ……………………………………………….. 16

    Count IV: Negligence …………………………………………………17-18

    Count V: RESPA, FDCPA, CFPA and Texas DTPA Violations ………………. 18-19

Plaintiff is Not Entitled to An Award of Attorney Fees ………………………….…....19

Conclusion and Prayer ……………………………………………………………… 19-20

Certificate of Conference ……………………………………………………..… 20

Certificate of Service ……………………………………………………………..… 21

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Brad Jones ("Jones") filed a Petition in state court and obtained an ex parte Temporary Restraining Order on a foreclosure sale posted for the next day on residential property at 2 Mariners Lane, Kemah, TX 77565("the Property"). Defendants removed the case to this Court. Only Jones signed the note and deed of trust securing the property at issue and then transferred the Property to Exquisite Designs By Castlerock & Co., Inc. ("Exquisite Designs") of which he is the sole shareholder, director, and manager.  On Defendants' motion, this Court ordered that Exquisite Designs be added as a Party Plaintiff and that an amended complaint be filed. Bayview re-posted the Property for foreclosure for June 4, 2019, Plaintiffs filed an Emergency Motion for Temporary Restraining Order, and this Court conducted an extensive hearing on June 3, 2019. Upon consideration of all documents offered and oral arguments of the respective parties, this Court: (i) found that Plaintiffs had not met their burden to prove that they were likely to succeed on the merits and failed to otherwise establish a basis for a temporary restraining order; (ii) ordered that the Plaintiffs' Motion for Temporary Restraining Order be denied; and (iii) denied Plaintiffs' oral motion for a stay pending appeal. The property was foreclosed on June 4, 2019 and sold to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee (CWALT 2006-OA17). Remaining before this Court for final determination are Plaintiffs' five causes of action on which they assert the note has been discharged and the liens have been voided by virtue of two confirmed and subsequently defaulted Chapter 11 plans in two bankruptcy cases filed by Exquisite Designs and accompanying orders by the Bankruptcy Court.

## STATEMENT OF THE ISSUES

The issue presented by this motion is whether Plaintiffs have well-pled any of their five causes of action or Defendants are entitled to a Judgment on the pleadings, dismissing one or more of the five alleged causes of action in Plaintiffs' Amended Complaint (Docket No. 24). Judgment must be granted to Defendants because:  Plaintiffs' causes of action for breach of contract, suit to quiet title, and negligence are not supported by the facts of the bankruptcy cases or pertinent bankruptcy law; and Plaintiffs' cause of action for declaratory relief based on statute of limitations erroneously assumes that the date of default commences the statute of limitations and does not address if and when the note was accelerated, how many days of any running statute of limitations was tolled by Plaintiffs' three bankruptcy cases and state court ex-parte temporary restraining orders; and Plaintiffs' cause of action for violation of various statutes (RESPA, FCPA, FDCPA, CFPA and Texas DTPA) are too vague to even approach the well-pled action standard of Rule 12(c).

## STANDARD FOR RULE 12(C) JUDGMENT ON THE PLEADINGS

1.     Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial. Fed. R. Civ. P. 12(c).[1]

2.     A ruling on a motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. GATX Leasing Corp. v. Nat'l Union Fire Ins. Co., 64 F.3d 1112, 1114 (7th Cir. 1995); see

---

[1] In the Docket Control Order, the Court set June 21, 2019 as the date to file this Motion. Plaintiffs filed an Amended Complaint on May 22, 2019 (Docket No. 24). Bayview and BONYM filed an Answer on June 6, 2019. As of the date of this motion is filed, the pleadings are closed as to Bayview and BONYM for purposes of Rule 12(c), subject only to Defendants filing an amendment to their Answer by June 27, 2019. *Dorwood v. Ramirez,* 2009 U.S. Dist. LEXIS 77710, *67-68 (N.D. Tex. 2009); *Nortel Networks Ltd. v. Kyocera Wireless Corp.*, 2002 U.S. Dist. LEXIS 17845 at n.1 (N.D. Tex. 2002).

also St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co., 937 F.2d 274, 279 (5th Cir. 1991).

     3.    Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" Ashcraft v. Iqbal, 1556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570. "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 500 U.S. at 555. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 500 U.S. at 558. Plaintiffs' Amended Complaint falls well short of the minimum pleading requirements and should be dismissed pursuant to Rule 12(c).

     4.    __Pleadings and Documents Relevant to Motion for Judgment.__ In this case, the Court should consider the totality of the Amended Complaint, including the Chapter 11 plans and the bankruptcy court's Orders attached to the Amended Complaint as Exhibits, and additional

Orders entered by the Bankruptcy Court in bankruptcy cases filed by Jones and Exquisite Designs.

*Voest-Alpine Trading USA Corp. v. Bank of China*¸142 F.3d 887, 891, n. 4 (5th Cir. 1998).[2]

## SUMMARY OF ARGUMENT FOR MOTION FOR JUDGMENT

5.      Plaintiffs plead that no payment has been made on the note and deed of trust since before July 2008, but that they are entitled to a free house by virtue of two Chapter 11 plans and various Bankruptcy Court orders in Exquisite Designs' two bankruptcy cases. This theory sounds too good to be true, because it cannot be true, either on the plain language of the Chapter 11 plans and the Bankruptcy Court orders to which Plaintiffs cite, or under applicable Bankruptcy Law. Plaintiffs plead five (5) causes of action: (I) Breach of Contract – based solely on the terms of the Chapter 11 plans; (II) Declaratory Relief – based on statute of limitations; (III) Suit to Quiet Title – based solely on the Chapter 11 plans and the accompanying Bankruptcy Court orders; (IV) Negligence – based solely on the Chapter 11 plans; (V) RESPA, FDCPA, CFPA and Texas DTPA violations – lumped together into one Count without pleading what provision of any of these statutes were violated or what specific conduct violated any specific provision.

## ARGUMENT

### RELIEF CANNOT BE BASED ON THE TWO DEFAULTED
### CHAPTER 11 PLANS OF EXQUISITE DESIGNS

6.      <u>**Defaulted Plans Are Not Binding as a Matter of Law.**</u> Plaintiffs base their causes of action on a Chapter 11 plan confirmed in the 2009 Exquisite Designs bankruptcy case and the 2012 Exquisite Designs bankruptcy case. They allege that the plans discharged the notes and voided the liens, and therefore, Exquisite Designs has a free house. This sounds too good to be

---

[2] Additionally or alternatively, in considering a Rule 12(c) Motion, this Court may take judicial notice of another court's judicial action. *Gray v. Beverly Enterprises-Mississippi, Inc.,* 390 F.3d 400, 406, n. 7 (5th Cir. 2004).

true, because this is not what the plans provided or what the applicable law allows. However, Exquisite defaulted on both plans. Therefore, irrespective of the provisions of the Plans, they cannot as a matter of law provide Plaintiffs any rights beyond their contractual and legal rights under the note and deed of trust and the Texas Property Code.

7.       Plaintiffs plead that no payment has been made since June 2009. (Docket No. 24, Amended Complaint, ¶ 50 and Affidavit, Docket No. 24-1; and Docket No. 25, Motion for TRO, ¶ 16 & Affidavit of Brad Jones, Docket No. 25-1). This constitutes a judicial admission that Jones and Exquisite have defaulted on the payment terms of the 2009 plan confirmed April 7, 2010 (Docket No. 24, Amended Complaint, Exhibit 1) and the 2012 plan confirmed September 30, 2013 (Docket No. 24, Amended Complaint, Exhibit 2). This is dispositive against granting any relief on Plaintiffs Counts I (Breach of Contract), Count II (Suite to Quiet Title) and Count III (Negligence) because a confirmed plan on which the Debtor defaults is not binding and cannot be granted res judicata effect.

> Debtor's arguments to the contrary fail to appreciate the nature of a Chapter 13 plan as an "exchange for bargain between the debtor and the debtor's creditors[.]" As such, "when a debtor fails to fulfill their [*sic*] end of the bargain because of the dismissal of their case, a resulting finding that their confirmed Chapter 13 plan is terminated serves to prevent a debtor from obtaining the benefit of those terms in a plan which are [*sic*] advantageous to the debtor." *Id.* Debtor broke his agreement with Wells Fargo when his failure to make payments resulted in the bankruptcy's being dismissed without a discharge. He cannot now seek relief under the same agreement and cannot convincingly argue that equity is on his side.

*Wells Fargo Bank, N.A. v. Titus Chinedu Oparaji*, 698 F.3d 231, 238 (5th Cir. 2012) (Citing *In re Hufford*, 460 B.R. 172, 177 (Bankr. N.D. Ohio 2011). There is no distinction between a Chapter 13 and Chapter 11 plan for purposes of binding or *res judicata* effect in a subsequent case after default.  Additionally and separately, the legal distinction which Plaintiffs attempt to attach with

respect to the timing of a Chapter 13 versus a Chapter 11 discharge is not present in this case[3]. As set forth in paragraphs four and five below, the 2009 and 2012 Chapter 11 plans both provided that Exquisite shall make payments on the mortgage on a modified principal amount, interest rate and payment terms, and that the note would be discharged and liens satisfied only subsequent to completion of the payments provided for in the Plans. Therefore, just as in Chapter 13 cases, the mortgage claims in Exquisite's two Chapter 11 cases could not have been discharged prior to completion of the plan payments.

8.     Overall, Plaintiffs' recitation and interpretation of the provision of the Chapter 11 Plans concerning disallowance of the mortgage claim and stripping or cramdown of the deed of trust on the property at 2 Mariners Lane is erroneous on the face of the plans attached to his motion. Their interpretation and application of permanent injunctive relief and the other provisions of the plan are inconsistent with the distinction between collection on a deficiency on a mortgage note in personam against a borrower versus enforcement of a deed of trust and foreclosure on the property in rem. Johnson v. Home State Bank, 501 U.S. 78, 84, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991). Their interpretation that the confirmed bankruptcy plans on which Exquisite Designs defaulted remain binding and in effect pursuant to Bankruptcy Code section 1141(a) is also incorrect. Sims v. Round Point Mortg. Serv. Corp., 2019 U.S. App. LEXIS 2803 (5th Cir. Jan. 28, 2019); Wells Fargo Bank, N.A. v. Oparaji (In re Oparaji), 698 F.3d 231,238 (5th Cir. 2012).

---

[3] Additionally, "[u]nder 11 U.S.C. § 349(b), the pre-discharge dismissal of a bankruptcy case returns the parties to the positions they were in before the case was initiated. Many courts have interpreted this statute to mean that dismissal of a bankruptcy case restores the *status quo ante.* As the *Sanitate* court notes, "[t]hese broad readings are in harmony with Congress' stated intent that the purpose of this section is to 'undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case.'" *Oparaji*, 698 F.3d 238.

9.    __The Plain Language of the 2009 Plan Does Not Support Any of Plaintiffs'__

__Causes of Action.__ The 2009 Chapter 11 Plan provides in pertinent part:

   3.02    Class 2. Bank of America Home Loans Secured Claims on the following properties:

         2 Mariners Lane, Kemah, Texas 77565

         The Allowed Secured Claim of Creditors in this Class shall be paid as modified herein. As of the effective date of this plan Debtor shall owe and the amount of the secured claim of Creditors in this Class shall be paid at 5.00% fixed annual percentage rate interest over a 30 year period (360 months) to be modified and payable as follows. Other than the Secured claim principal amount which shall be the only one paid in this Class, creditors in this class hold an unsecured claim in the amount of the difference between their total claim and the amount as modified of their Secured claim principal amount listed here below:

         2 Mariners Lane: $650,000 Secured claim principal amount at 5% = $3,489.00 (P+I), plus escrowed taxes and insurance. First 12-months **after confirmation**, Interest-Only payments ($2708) + Taxes and Insurance. Yrs. 2 thru 30, full PITI payments.

         INJUNCTIVE PROVISION: Creditors in this class shall by virtue of confirmation forever be enjoined from taking any action to collect their claims against any signers of the notes on the claims in this class including but not limited to Brad Jones. This injunctive provision shall forever prohibit the same acts to collect a debt prohibited by Section 362 of the Bankruptcy Code against a bankruptcy debtor except that there is no time limitation on this injunction.

(Case #09-34883, Docket No. 73, Amended Debtor's Plan of Reorganization, ¶ 3.02, pp. 6-7).

         In the event that the Debtor breaches any covenant or provision of this Plan, and thereafter fails to remedy or resolve such breach within 30 days after being given written notice by the creditor to the Debtor and Debtor's counsel that their respective addresses by first class mail postage prepaid, a creditor, may seek relief under Bankruptcy Code § 1112(b) or under state law if the plan has been consummated.

(Case #09-34883, Docket No. 73, Amended Debtor's Plan of Reorganization, ¶ 6.01. p. 14).

10.    __The Plain Language of the 2012 Plan Does Not Support Any of Plaintiffs'__

__Causes of Action.__ The 2012 Chapter 11 Plan provides in pertinent part:

   *Class 2D*

2 Mariners Lane, Kemah, Texas 77565          $620,363.72   xxx988957
Lot 2 of Waterford Point, a subdivision in Galveston County, Texas

The Secured Loan Amounts above are based on the amount from the Prior Plan.

    3.04    The Allowed Secured Claims of Creditors in this Class ("Class 2 Creditors") shall be paid as modified herein. **The Class 2 Creditors shall continue to have the deeds of trust liens and security interest in the real property described herein subject to the terms set for the herein and the Modification Agreement. As of the Effective Date of this Plan, Debtor shall owe and the amount of the secured claims of the creditors in this Class shall be paid** at 3.75% fixed interest rate over a 30 year period (360 months)(the "term") except for Class 2C which shall be paid at a 5% fixed rate of interest.

(Case #12-38337, Docket No. 156, Fourth Amended Chapter 11 Plan of Reorganization, pp. 14-15) (emphasis added).

Class 2D: 2 Mariners Lane: The amount of the secured claim as of the Effective Date: $620,636.72. Monthly payments starting on the first day of December of 2013 on the Secured Claim shall be paid interest only for the first twenty-four (24) months at $1,939.49; thereafter principal and interest payments of $2,874.27 at 3.75% per annum for twenty-eight (28) years.

    3.05 Taxes and insurance first due by state statute after the Effective Date of this Plan shall be paid directly by the Debtor.

(Case #12-38337, Docket No. 156, Fourth Amended Chapter 11 Plan of Reorganization, p. 17).

### RELIEF CANNOT BE BASED ON THE BANKRUPTCY COURT'S POSTCONFIRMATION ORDER AND NOTICE

11.    **The Postconfirmation Order and Notice.** Plaintiffs believe that the Bankruptcy Court's form Postconfirmation Order and Notice routinely entered in all Chapter 11 cases after confirmation of a plan has the effect of discharging all debts and voiding all liens, irrespective of the terms of the plan or irrespective of the debtor's completion of the plan. (Docket No. 24, Amended Complaint, ¶ 67 & Exhibit 3 attached thereto) (See the Postconfirmation Order and Notice attached hereto as Exhibit "A"). This constitutes an erroneous reading of the order and a misunderstanding and misapplication of pertinent law regarding the effect of the discharge.

12.    This Order cannot constitute a discharge order because it does not order that anyone be discharged. (See Exhibit "A").  This order cannot constitute an avoidance of any liens, because it does not order that any liens be voided. Rather, the opening paragraph of this form postconfirmaiton order and notice refers to Bankruptcy Code § 1141, which in turn defers to the provisions of the plan and confirmation order. 11 U.S.C. § 1141(b) − (d) ("Except as otherwise provided in the plan, or in the order confirming the plan… .").  The plain terms of the Chapter 11 plan confirmed in Exquisite Designs' 2009 bankruptcy case and 2012 bankruptcy case specifically require Exquisite Designs to make payment pursuant to the terms of the plan as a condition to the satisfaction and release of the mortgage and as a condition to Exquisite Designs receiving a discharge. The 2009 plan included an injunction against collecting on the note against Brad Jones individually, but Plaintiffs defaulted on the Plan which contractually provided that injunction. (Docket No. 24, Amended Complaint, Exhibits 1 & 2 as excerpted in paragraphs 9 through 10 of this Motion).

13.    **The Effect of the Discharge in Bankruptcy.** Plaintiffs assert that they obtained discharges upon confirmation of the Chapter 11 plans irrespective of whether the plans subsequently were defaulted. Nothing in the Code or the Plans or respective confirmation orders provided a discharge prior to completion of payments pursuant to the plan. But, even if Plaintiffs are correct, the effect of the discharge did not extinguish the note or deed of trust.

> A discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt. We there noted that Bankruptcy Code Section 524(e) specifies that the debt still exists and can be collected from any other entity that might be liable.

*Hall v. National Gypsum, Co*., 105 F.3d 225, 229 (5th Cir. 1997); *Roundtree v. Nunnery* (*In re Roundtree*), 448 B.R. 389 (Bank. E.D. Va. 2011). Moreover, the discharge injunction prohibits a creditor from enforcing a discharged claim against a bankruptcy debtor in personam, but the

discharge injunction does not prohibit a creditor from enforcing the claim in rem against the debtor's property. A bankruptcy discharge extinguishes only one mode of enforcing a claim – an action against the debtor in personam, while leaving intact another – an action against the debtor's property in rem. *Dewsnup v. Timm,* 502 U.S. 410, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992); *Johnson v. Home State Bank,* 501 U.S. 78, 111 S. Ct. 2150, 115 L.Ed 2d 66 ( 1991); *In re Flournoy,* 570 B. R. 293 (Bankr. E.D. Wi. 2017); *Young v. Wells Fargo Bank, N.A.* (*In re Young*), 2007 Bank. LEXIS 1417 (Bankr. S.D. Tex. 2007).

## CLAIMS FOR RELIEF

### Count I: Breach of Contract

14.    **Plaintiffs Cannot Enforce a Defaulted Plan Under the Texas Common Law Action of Breach of Contract.** To prevail on a breach of contract cause of action, Plaintiff must plead and prove "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Smith Inter., Inc. v Eagle Group, LLC, 490 F.3d 380, 387 (5th Cir. 2007).

15.    Plaintiffs do not allege performance under the loan agreement or either Chapter 11 plan. To the contrary, Plaintiffs exuberantly admit their persistent default under the terms of the loan agreement and each of the bankruptcy plans.

> Jones, Staley, Exquisite not any other party have made payments to the Defendants (or any of their agents) on the promissory note they signed on the subject properties since June 2009 or before.

(Docket No. 24, Amended Petition, ¶ 50 and Affidavit attached thereto as Exhibit 24-1).

16.    A mortgagee "may not bring a suit for the contract's breach if that party, itself, is in default." Ybarra v. Wells Fargo Bank, N.A., 575 Fed. Appx. 471, 474 (5th Cir. 2014)(citing

Golden v. Wells Fargo Bank, N.A., 557 Fed. Appx. 323, 327-28 (5th Cir. 2014). Because of Plaintiffs' breach they cannot prevail on any breach of contract claim.

17.    Accordingly, defaulted plans lose their binding effect under bankruptcy law and their enforceable contractual effect under Texas state law.

18.    **Defective Notices:** Plaintiffs plead that the Plan in the 2012 case required all notices be sent to Exquisite Designs and only Jones was served. (Docket No. 24, Amended Complaint, ¶ 40-41). As a matter of law, Plaintiff is incorrect. That Plan and its contractual provisions are in default and are not binding so, state law controlled the notices related to foreclosure, not the defaulted 2012 Plan.

19.    Section 51.002(d) of the Texas Property Code obligates a mortgage servicer to:

> serve *a debtor* in default under a deed of trust or other contract lien *on real property used as the debtor's residence* with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b).

Texas Prop. Code § 51.002(d). *Rodriguez v. OCwen Loan Servicing, LLC*, 306 Fed. App'x. 854, 856 (5th Cir. 2009)("Rodriguez cannot rely on § 51.002 as the source of a right to personal notice of the foreclosure sale. Rodriguez's petition does not allege that he is a 'debtor . . . according to the records of the mortgage servicer of the debt.' Moreover, under Texas law, '[t]here is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust.'"). Exquisite Designs was not entitled to notice of the sale pursuant to § 51.002(b), and any failure to serve Exquisite Designs with notice of the sale was not a defect in the foreclosure sale procedure.

### Count II: Declaratory Relief – Statute of Limitations

20.    **Statute of Limitations.** Plaintiffs offer no evidence of acceleration. As a matter of settled law, the Texas Supreme Court holds that the statute of limitations for foreclosure of a mortgage Deed of Trust is four years from accrual of the cause of action, which is the earlier of (i) the date of the underlying note's maturity or (ii) the date the note is accelerated. *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 566 (Tex. 2001). Consequently, to establish a likelihood they will prevail on the merits of his limitations challenge, Plaintiffs must provide evidence of (i) accrual of the cause of action, (ii) that occurred more than four years before the scheduled date of June 4, 2019, and (iii) prove no tolling or deacceleration from any acceleration of the note.

21.    Plaintiffs' only argument in support of his limitations claim is that he has not made payments on the loan for more than 10 years. (Docket No. 25 at 4, ¶ 16). Plaintiffs' motion does not allege or offer evidence of the alleged date on which the loan was accelerated. Absent well-pled allegation of acceleration or maturity, Plaintiffs have not well-pled limitations.

22.    Plaintiffs attempt to circumvent the inevitable conclusion that their claim has no basis in law of fact by citing the limitations period for enforcement of a note. Doc. No. 25 at 4, ¶ 15. While there is currently no action to enforce the promissory note[4], such a cause of action accrues only where the note is accelerated. *Holy Cross Church*, 44 S.W.3d at 566 ("If a note . . . secured by real property contains an optional acceleration clause, default does not ipso facto start limitations running on the note. **Rather, the action accrues only when the holder actually exercises its option to accelerate**.") (emphasis added)).

---

[4] *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (holding "The Texas courts have "rejected the argument that a note and its security are inseparable by recognizing that the note and the deed-of-trust lien afford distinct remedies on separate obligations.")

23.     **Tolling.** Even if Plaintiffs had pled that the loan had been accelerated and the limitations period was running, the indisputable inference from Plaintiffs' pleading is that the period was tolled by the automatic stay in three bankruptcy cases. According to Plaintiffs, foreclosure was additionally tolled by plan injunctions (although this allegation is erroneous). As a matter of Fifth Circuit law the bankruptcy automatic stay prevents foreclosure and tolls limitations. Plaintiffs misunderstand the application of *Erie*, and the law that applies in a removed action. Bankruptcy Code Section 108 incorporates state law tolling provisions, and the "Texas common law tolling principle is an applicable non-bankruptcy law that may be incorporated to toll the foreclosure statute of limitations." *HSBC Bank USA, N.A. v. Crum,* 907 F.3d 199, 206 (5th Cir. 2018). Common law tolling states that "[w]here 'a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." Id. (citing *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991)).

24.     The Fifth Circuit holds that: "In the context of a bankruptcy stay, this means that the limitations period is tolled every day that the stay is in place—including the day the stay is implemented and the day it is lifted—because the party is prevented from exercising its legal remedy on both of those days." *Crum*, 907 F.3d at 206. Contrary to Plaintiffs assertions (which cite to cases in which bankruptcy was not an issue) this Court must follow the Fifth Circuit's binding precedent in *Crum* and apply equitable tolling rules as a result of Plaintiffs' multiple bankruptcies.

### Count III: Suit to Quiet Title – Limitations and Effect of Chapter 11 Plans

25.      The statute of limitations allegations are the same as in Count II (Declaratory Relief). Plaintiffs' allegations regarding effect of the plan are previously addressed in this Motion. Under either theory, Plaintiffs have not well-pled a cause of action for Suit to Quiet Title.

### Count IV [III]: Negligence

26.      **Elements of Negligence.** Texas common law negligence has three elements: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately resulting from that breach. *El Chico Corp. v. Poole,* 732 S.W. 2d 306, 311 (Tex. 1987); *Doe v. Boys Clubs*, 907 S.W.2d 472, 477 (Tex. 1995). The plaintiff must prove both the existence and the violation of a duty owed to the plaintiff by the defendant to establish liability in tort. *Id.* Whether a duty exists is a question of law for the court to determine from the facts surrounding the event in dispute. *Otis Eng'g Corp. v. Clark,* 668 S.W. 2d 307, 312 (Tex. 1983).

27.      A defendant is liable for negligence *only* to the extent it owes the Plaintiff a legal duty. *GE v. Moritz*, 257 S.W.3d 211, 217 (Tex. 2008). "Whether such a duty exists is a question of law for the court." *Id*.

28.      **Plaintiffs' Allegation.** Plaintiffs' sole allegation regarding negligence is: "The Defendants had a duty to the Plaintiffs to act in accordance with the Original Plan and Second Plan of Exquisite." (Docket No. 24, Amended Complaint, ¶ 74). But, Plaintiffs do not specify what acts by Defendants constituted a breach of the 2009 plan or 2012 plan. Moreover, Plaintiffs have pled that they never made any payment under the 2009 plan or the 2012 plan. Therefore, the plan has no binding effect under bankruptcy law and no enforceable contractual effect under Texas state law. Accordingly, there is no duty imposed by the plan which Defendants could have breached because Plaintiffs plead that they never performed under the plan as to Defendants' claim.

29.    **Economic Loss Rule.** The economic loss rule "precludes recovery in tort for duties arising out of contractual obligations." *Abarca v. CitiMortgage*, No. A-13-CA-778-SS, 2014 U.S. Dist. LEXIS 82405 at 9 (W.D. Tex. 2014, June 16, 2014) (citing *Fomosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.,* 960 S.W. 2d 41, 45 (Tex. 1998).

30.    Plaintiffs have not identified any legal duty owed them and breached by Defendants. Furthermore, any such duty would arise only from the parties' contractual, mortgagor-mortgagee relationship. As a result, the economic loss rule bars the negligence cause of action included in Plaintiffs' Amended Complaint.

### Count V [IV]: RESPA, FDCPA, CFPA and Texas DTPA Violations

31.    Plaintiffs bundle references to four statutes into one Count, and generally allege that Defendants violated each of these statutes. The Amended Complaint does not specify what provisions of any of the statutes have been violated or what specific conduct violated which provision. Therefore, Count V must be dismissed under Rule 12(c). Mitchiner – Owen v. Ocwen Loan Serv., LLC, 2015 U.S. Dist. LEXIS 179790 (N.D. Tex. 2015). Furthermore, most provisions under Regulation X and Regulation Z no longer carry a private cause of action for enforcement. Without Plaintiffs pleading specifically which sections of which statutes they believe have been violated, this Court cannot know whether there would be a private cause of action even if facts were well-pled.

32.    Plaintiffs' Amended Complaint suggests a wrongdoing but falls far short of a well pled allegation under any of the alphabet statutes referenced by Plaintiffs under Count V. Mitchiner, 2015 U.S. Dist. LEXIS 179790.

33.    Defendants can guess that each of these allegations may be vaguely based on the difference between the amounts between any notices or statements sent by Bayview and the

payment terms in either the 2009 or 2012 Chapter 11 plans, on which Plaintiffs admit they never made any payments.

34.    Even if Plaintiffs could well plead a cause of action for a Texas Deceptive Trade Practices Act claim, Exquisite Designs did not execute the note or deed of trust, and Brad Jones is not a consumer. In this case, the transaction at issue is a loan. "Because the lending of money is neither a good nor a service . . . a person who seeks only to borrow money is not a consumer under the DTPA." Rose v. Comerica Bank-Texas, 2004 Tex. App. LEXIS 9304, at *2 (Tex. App.— Houston [14th Dist.] Oct. 21, 2004). This claim must be dismissed.

35.    Even if Plaintiffs could well plead a cause of action for a RESPA claim, Exquisite Designs is not a borrower and therefore lacks standing to assert civil liability pursuant to any RESPA claim. Pursuant to 12 U.S.C. § 2605(f) of RESPA, "a defendant's liability in a civil action under RESPA is limited to borrowers." Correa v. BAC Home Loans Servicing LP, 853 F. Supp. 2d 1203, 1207 (M.D. Fla. 2012); see also Leblow v. BAC Home Loans Servicing LP, 2013 U.S. Dist. LEXIS 74616, 2013 WL 2317726, at *7 (W.D.N.C. May 28, 2013).

**PLAINTIFF IS NOT ENTITLED TO AN AWARD OF ATTORNEY FEES**

36.    Attorney fees are not available to Plaintiffs under any of the claims asserted against Bayview and BONYM. Furthermore, attorneys' fees cannot be awarded where Plaintiffs cannot prevail on the merits.

**CONCLUSION/PRAYER**

WHEREFORE, PREMISES CONSIDERED, Bayview Loan Servicing, LLC and The Bank of New York Mellon f/k/a The Bank of New York, as Trustee (CWALT 2006-OA17) respectfully prays that this Court:

(A)    Grant judgment in favor of Bayview and BONYM;

(B)    Dismiss all of Plaintiffs' claims with prejudice to refiling as to Bayview and BONYM; and

(C)    Grant Bayview and BONYM such other relief, in law or in equity, to which they show themselves justly entitled.

Respectfully submitted,

By: _/s/ H. Gray Burks, IV_____
   H. Gray Burks, IV
   State Bar No. 03418320
   Philip C. Reeves
   State Bar No. 24065959
   ShapiroSchwartz, LLP
   13105 Northwest Freeway, Suite 1200
   Houston, Texas 77040
   Telephone: (713) 462-2565
   Facsimile: (847) 879-4854
   Email: gburks@logs.com
   Email: phreeves@logs.com

*Attorneys for Bayview Loan Servicing, LLC and The Bank of New York Mellon f/k/a The Bank of New York, as Trustee (CWALT 2006-OA17)*

## CERTIFICATE OF CONFERENCE

A pre-motion conference was held on April 22, 2019. Based on all conversations with Brad Jones and attorney for Exquisite Designs, Robert Jones, this motion remains opposed.

   */s/ H. Gray Burks, IV*_____
   H. Gray Burks, IV

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019 a true and correct copy of the foregoing Motion was sent to:

Brad Jones
8111 Landau Park Lane
Spring, Texas 77379
*Pro Se Plaintiff*
*Via e-mail at brad.jones04@live.com*


Robert R. Jones III
2411 Emancipation Ave., Suite 202
Houston, Texas 77004
*Attorney for Exquisite Designs By Castlerock & Co., Inc.*
*Via e-mail at robert_jones_1906@yahoo.com*

*   /s/ H. Gray Burks, IV*   
H. Gray Burks, IV